May it please the Court, I'm Eric Schnapper representing plaintiffs' appellates in this case. The district court had federal jurisdiction on two grounds in this case. First, that there is diversity jurisdiction, and secondly, that there would be federal question jurisdiction. I'd like to begin with the issue of diversity jurisdiction. We have three different types of plaintiffs in this case. It occurred that way because it was originally clearly a federal question case, and the circumstances have changed. We have several plaintiffs who were always diverse, and the problem isn't there. Secondly, we have plaintiffs who are formerly non-diverse. They were not diverse at the time the case was filed. They're diverse now. What we propose to do as to them, a procedure that the Supreme Court envisioned in Grupo, is to dismiss them now and then rejoin them. Diversity status is determined at the time of filing, and so as things now stand, they're non-diverse, but if we dismiss them and then rejoin them, they would again be diverse. The district court thought that was improper. The district court read, relied on a passage in Grupo which said, and I quote here, if the purported cure arose from a change, not from a change of the parties, but for a change in the citizenship of a continuing party, then the case had to be dismissed. But we are changing the parties. We are dismissing the formerly non-diverse parties. We're rejoining them, but they're not continuing parties. They come back in anew. You would agree that sounds like a difference without a distinction. I'm sorry? What's the difference? I mean, that sounds like, to me, a difference without a distinction. In fact, they are the same parties. You're just pretending they're off the stage and then they're back on the stage. I don't understand how that's really different. Well, the procedure envisioned in Grupo was you dismiss the plaintiffs and then they re-file the lawsuit, and that's fine. That's exactly what happened in Grupo. The question here is whether we would have to dismiss their claims and have them file separate lawsuits, which I don't think the defendants dispute we could do, or have them rejoin this lawsuit. It just makes no sense to say the claims get dismissed and they can file a new lawsuit, which is exactly what Grupo says they can do, but they can't rejoin this lawsuit. Then we would have two lawsuits about the same facts. It just wouldn't make any sense. That would be cleaner. Why couldn't you do that? Is there a statute of limitations problem or something like that? Not that the other side has raised. The immediate question — You could just re-file the case completely anew, correct? As far as — at this point, nobody's questioning that. But the immediate — Why don't you do that, is my question? Because this would solve all these problems. Well, the district court said — seemed to think we couldn't dismiss these claims at all. And we think we can. And the defendant has a slightly different account. The defendant reads Grupo as saying, if you have a formally diverse plaintiff in the case, you must dismiss the entire case. Now, they dismissed the entire case in Grupo because there was only one plaintiff. So if that plaintiff was formally diverse, and you dismiss it, then there's no case left. But if we dismiss the formerly diverse plaintiffs here, there are still always diverse plaintiffs left. So the immediate question here is only whether this case can go forward dismissing the formerly diverse plaintiffs. Whether we can bring them back in or have to file new lawsuits for them doesn't affect whether there's federal diversity jurisdiction here. It would — It does with regard to the claims that they purport to bring. I mean, not all plaintiffs own exactly the same claims. It seems to me what you're proposing cuts all substance out of Grupo's decision. I don't understand how you can send somebody off the stage and bring them right back and pretend that nothing has happened. Well, I'm going to remind you, that's what happened in — the court said it happened in Grupo, that the plaintiffs should — Well, they could file anew. And you could file anew here. Judge Buhode just asked you why you wouldn't. That would simplify everything. Your Honor, that would be — the immediate problem in this case is that the court said we couldn't dismiss these plaintiffs at all. Well, the immediate problem is that you lack complete diversity. And you seem to acknowledge that you lack complete diversity. And that's rule number one for diversity brought. Is that correct? That's correct. And we propose to deal with that by dismissing the non-diverse plaintiffs. That's a routine motion under Rule 21. That's all we're proposing to do here. All the court has to rule in now is can we dismiss the non-diverse parties? Whether we can bring them back — Nothing prevents you from dismissing this case completely, correct? And then just filing a new claim with the only diverse parties? Yes, but there's nothing in the rules that requires us to dismiss the claims of the always diverse parties. The normal procedure where you have a non-diverse party is to dismiss the non-diverse party. That's what we're proposing to do. Whether the formerly non-diverse parties come back in or bring another lawsuit which gets joined with this one, that issue isn't before the court. The problem is — You had your opportunity to dismiss them. The district court granted defendants' motion. You're appealing that. But it doesn't sound like you're really questioning the rationale. You're saying, well, we've got this other solution to the problem. But what was wrong with what the district court ruled? You lack complete diversity. Hence, you have to dismiss. That seems correct. You seem to acknowledge that. You want to do something different, but I'm not sure how that supports an appeal of the dismissal. Well, let me go back to the question before the court, which was whether it would be pointless to let us file this amended complaint because it couldn't possibly survive. And our response was, we will file the amended complaint. We will then move to dismiss the non-diverse parties. District court said we can't do that. You seem to acknowledge that the fourth amended complaint that has been proposed is before the court fails the complete diversity test. You have not provided an amended complaint that will pass the complete diversity test. The district court ruled based on the amended complaint you proposed. And it wasn't wrong. It lacks complete diversity. So how is that appealable? Because we indicated what we wanted to do was to dismiss the non-diverse parties. And the judge said we could not do that. I mean, I understand the procedural posture is a little bit unusual, but I guess the question would have been, should we have responded to the order by dismissing the case and filing it anew? It would have made sense. We still have this Federal question case issue in the case. I mean, we would have all sorts of procedural problems if we tried to solve that problem that way. There's a second question about the never-diverse plaintiffs. The district court here made three distinct errors. First, it said that the defendant had argued that those were indispensable parties. That's just wrong. They didn't argue that. Secondly, the district court faulted us for not briefing the four Section 19B factors. Those factors have nothing to do with the issue in this case. You have to go back to the structure of Rule 19. Rule 19A defines required parties. That's the language of the rule. And it says the required parties must be joined if you can join them. Rule 19B says if there's a required party that can't be joined, here's how you decide whether the remaining parties can continue. That's just not the problem in our case. There's no contention here that we have required parties that can't be joined. And that would be the issue. The issue is, can this case not go forward because the required parties can't be joined? And it's clear they're not required. How can the case proceed without the estate of the victim here? It's the estate is not a required party. This is like a car accident with three victims. No one is required a party in that situation. But to go back to where we were. I mean, aren't they all, you know, they're not the party, the other They're just victims in the sense that their loved one was attacked. But they have different kinds of claims. But the standard for required party is spelled out in Rule 19A. The defendant has never argued these are required parties under 19A, and they can't, because the beginning language in Rule 19A says you're not a required party if joining you would defeat subject matter jurisdiction. The defendants want them in the case to defeat subject matter jurisdiction. But under the clear language of 19A, if they would defeat subject matter jurisdiction, they're not required. That's the end of it. So they didn't raise it, and the judge invoked the wrong standard and disregarded the first 45 words of Rule 19B, which explained that it's not about the problem in this case. It's about a different problem. The other question in the case concerns Federal question jurisdiction. And there are five subsidiary issues here. The central argument that was advanced in the district court by the defendant was that if there's no Federal private cause of action to enforce the Federal statute at issue, there can't be Federal question jurisdiction. The district court bought that in a somewhat hard-to-understand opinion. At page 11 of the record excerpts, there's an entire paragraph about this. The district court either thought that was always the case or usually the case. It's wrong either way. The dispositive decision about this issue, about whether it matters, whether there's a private cause of action for purposes of this kind of Federal question case, is grable. And grable says three things. First, the private cause of action is not a necessary condition of Federal question jurisdiction. Secondly, Merrill Dow did not establish any kind of per se rule, and clearly the district court thought that was a per se rule. And third, whether there's a private cause of action is merely relevant to, but not dispositive of, the question of whether there's Federal question jurisdiction. This Court has, on a number of occasions, separated that issue out and said there would be two circumstances under which there would be Federal question jurisdiction. One would be if there is a Federal private cause of action, and the other one would be under the grable factors. The Court said that repeatedly. You joined the Newtack Village case where you used that formula, and we think that's the right formula. So that's my question, then. So why is this why would the why would there be a Federal interest that's substantial when you're just interpreting a criminal law statute, right? If this were to go to State court and you're going to use the criminal law as a standard of negligence, I just don't see why that's substantial on the Federal government at all, because a State court interpretation of that statute is not going to be binding on any Federal prosecutor, it's not going to be binding on any case, frankly, and so in Federal court. So I just don't understand why it's substantial. Roberts, two answers to that. First of all, on your theory, grable would have been wrongly decided. The issue in grable was did that claim come into Federal court? If it had gone to State court, the State court's interpretation of the Internal Revenue Code wouldn't have been binding on anybody, but the Supreme Court said it belonged in Federal court. I think it's distinguishable, because I think I could see that having collateral effects in this State, because that's about notice of post offices, I think, right? Am I right? Well, I just think it's distinguishable, because here we're talking about a criminal statute, a Federal criminal statute, right? And it won't have, if a State court interpreted it, it won't have spillover effects anywhere. I don't know that there would be spillover effect in grable, but that's not the standard. The standard is whether the issue is important to the Federal government. Right. Not whether it's in Federal court or State court. Okay. So why is it important to the Federal government if a State court interprets a criminal law statute? In that theory, every case would fail, because it's just the State. It would be in State. I don't want to say just the State court. That's not very Federalist of me. But it would be in State court. That argument can't be right. The question here is, is the underlying dispute going to be one of importance to the Federal government, and the Court distinguished, say, Gunn, where it was hard to say what Federal issue would come up, and the issue here, which both parties described, is whether the defendant's conduct violated the criminal statute. This is a very important criminal statute. There are very important issues of statutory interpretation out there. But can you articulate why it's important to the Federal government that that be in Federal court versus State court? That's what I'm missing. Our view is that's not the standard. The standard is, is the question important to the Federal government? Okay. Yeah. Explain that. That's our view. Okay. I'd like to save the remainder of my time. We'll go one minute for rebuttal. Your Honors, and may it please the Court, Paul Harreld for Defendant Appellee Google. I'd like to begin by noting a remark Judge Owens made in a prior case that some cases go on for a long time, and this has been one of them. We're here today because plaintiffs are attempting to restart a nine-year-old case that has already run its course through the entire Federal judiciary. After four complaints and appeal to this court, a unanimous Supreme Court decision concluding that their claims were meritless, and over a dozen other Federal court decisions rejecting similar anti-terrorism claims against Internet platforms. Plaintiffs now finally concede that they are unable to state a viable claim under the Federal statute they litigated under for, for nearly a decade. And that should have been the end of the matter, just as it was in the Copeland, Sinclair, and Palmucci cases that this court disposed of after Tomna. But rather than accept this outcome, plaintiffs proposed to pivot to entirely new state and foreign law theories that they knew about, but tactically and strategically withheld for years. The district court correctly denied that effort is futile, finding it lacked any basis for subject matter jurisdiction, and this court should affirm that sound exercise of discretion. I'd like to make three points this morning. The first is about diversity jurisdiction. Now, as Judge Clifton's question to my friend on the other side pointed out, the diversity question, diversity jurisdiction question here is quite simple. The proposed fourth amended complaint that plaintiffs submitted to the court below doesn't state a claim for diversity jurisdiction. It's conceitedly the fact that the parties to that complaint are not diverse, and that's frankly enough to end the matter and affirm on that ground. Plaintiffs' proposals to cure that conceited lack of diversity are just an impermissible exercise in jurisdictional gamesmanship that violate the foundational time of filing rule by making a distinction without a difference, and would require jettisoning what has always been the essential and central party to this case, the estate of Noemi Gonzalez. Second, the district court correctly found no federal question jurisdiction. Plaintiffs' attempts to bootstrap a state law negligence claim into federal court is foreclosed by the Supreme Court's decision in Merrill Dow and fails several of the grable factors. And third, even if this court were to find a path to jurisdiction where the district court did not, denial of leave to amend should still be affirmed on the alternative and overwhelming grounds of undue delay, prejudice, and futility on the merits. I think probably now on the diversity jurisdiction point, it makes sense to talk or to address Judge Bumate's question to my counsel, my friend on the other side, about whether simply refiling this as a new case would be something that plaintiffs could do that would maybe more efficiently resolve these issues. I don't think that's the case at all. The most efficient way to dispose of this case is for this court to affirm and bring it to an end. It's, I think, apparent from the prior decisions in this case and the other cases that plaintiffs have no viable claim under any theory, and simply allowing it to be relitigated under a new moniker is not an efficient use of the court's resources. But would there be anything precluding them from doing that, a statute of limitations defense or anything of that nature? I'm not holding to you, but I'm just curious. We haven't analyzed it in detail, Your Honor, and it might depend on whatever new claims they tried to plead in that new action. My recollection is that the statute of limitations for a negligence claim under California law is short and would have run by now, I think it's two or three years. I don't know if there are other doctrines that might toll that that plaintiffs could rely on. I confess I'm not an expert or familiar with French law, so I don't know what the statute of limitations are, if they even have such a thing under French law. I do think there is a separate issue of the preclusive effect of this decision that might, as a matter of claim preclusion or issue preclusion, prohibit a new suit, but... Ordinarily, a dismissal based on lack of jurisdiction is not taken to be a ruling on the merits. I mean, we wind up dismissing without prejudice. So you think there's a basis upon which you seek finality, but I'm not sure that a jurisdictional dismissal can give you that. I'm not sure there's a great risk otherwise, but there are lots of questions about this case that I can't answer any more than you can. So is there anything else we can do other than if we would affirm we're basically saying we don't have jurisdiction and leave it if they want to try to file someplace else for that court to try to deal with the issue? To be sure, Your Honor, this court doesn't need to decide whether the judgment in this case would have preclusive effect on a future court, so it's not necessary to decide that. I do think you're correct, Your Honor, that dismissals for lack of jurisdiction are typically without prejudice, but that isn't quite what we have here. It's important to recall the procedural history and the four prior complaints in this case, the last of which, the third amended complaint, was dismissed by the district court on the merits, and then that dismissal was affirmed by this court, and while I can see the Supreme Court vacated that judgment, it did so noting that the complaint appeared to state little if any claim on the merits. And after that, when plaintiffs were given the opportunity to move for leave to file a fourth amended complaint, they abandoned all of those prior claims that they brought under Federal law, which is a waiver of those claims and a concession that they can't state a claim on the merits of those. So that is at issue in the judgment here, not just the lack of jurisdiction over the new claims. And I would submit it would be an anomalous and unfair result if a plaintiff were able to escape the preclusive effects of prior decisions against it simply by trying to introduce new claims that deprived the court of jurisdiction over the case. I think maybe now I should turn to the question of Federal question jurisdiction unless there are any more questions about diversity. Plaintiff's argument here is equally flawed. The only hook for Federal question jurisdiction is a California negligence claim that appears to be premised, at least in part, on an alleged violation of a Federal criminal statute, the Material Support Statute 2339A. That theory, we think, is squarely foreclosed by the Supreme Court's decision in Merrill Dow, which also addressed a negligence per se claim, in that case premised on a misbranding violation of the Food, Drug, and Cosmetics Act. But the reasoning of Merrill Dow applies with great force in this case, and nothing in Grable or any subsequent Supreme Court decisions has overruled or rejected that reasoning. So that's my question. Is your argument that Merrill Dow applies in all cases where there's negligence per se as a charge, or how does it interact with Grable? Grable put Merrill Dow in context. So since Grable, I think it's fair to say that negligence per se claims premised on violations of Federal law, there is a theoretical possibility that those could arise under Federal law and invoke the Court's Federal question jurisdiction. I think that's what Grable suggests, but to my knowledge, there aren't any such cases. It would be the rare sort of negligence per se claim that did present a substantial question of Federal law. As Your Honor noted, here we have a Federal criminal statute where there's no substantial Federal interest that would preclude the State court from passing on that question. If the Federal government has an interest in enforcing the law, it can do so in Federal court without being affected by the State court. That's what I guess I'm having, how do you analyze what's substantial? Is it the spillover effects? That's what I was thinking of. But if it has, if the State court rules on a Federal question that could have spillover effects on the Federal government or other entities, that makes it substantial. How else would you think about it? That's one avenue that courts have highlighted for satisfying the substantiality prong of Grable. On this front, I think the Court's City of Oakland decision is instructive as it lays out some different factors that courts consider when weighing the substantiality factor. The fact that the question calls for a pure legal question about the interpretation of a Federal statute or implicates the operation of a Federal agency or, as in Grable, I think the question, as you noted, was about title to a piece of property where the title was affected by whether the IRS had given a statutorily compliant notice by either personal service or a certified mail service. I could see that having spillover effects, and that's why that makes sense there. Absolutely. It has a spillover effect on how the IRS operates in that case, and there's nothing like that here. And I think it's important to understand that the substantiality inquiry under Grable is about the importance of the issue to the Federal system as a whole. We acknowledge that this case is very important to the parties, but that's not the question for purposes of determining whether there's Federal question jurisdiction. I would also like to highlight the other ground that the District Court found a lack of Federal question jurisdiction here, and that's that it's not at all clear that the complaint necessarily raises any substantial question of Federal law. The way that the negligence claim is pled in the complaint, it seems like there's a path for plaintiffs to state a claim without relying on the material support statute at all, and the Court could also affirm on that ground. Your Honors, I'd like to maybe conclude by talking briefly about the alternative grounds for affirmance here. The delay here is substantial. In fact, I think it's hard to find a worse case of delay than the one we have here, where the case has been going on for nine years, where there have been four prior complaints and we're at the fifth proposed complaint in this case, and it's conceded that the claims that are being attempted to, the plaintiffs are attempting to bring now, were known and available to them and could have been pled earlier. There's no reason, and I think the Court's decision in asking properties is destructive on this point. At some point, a party may not respond to an adverse ruling by claiming that another theory, not previously advanced, provides a possible ground for relief and should be considered. There was certainly no abuse of discretion by the District Court in denying plaintiffs leave to amend, and we respectfully urge the Court to affirm, unless the Court has any further questions. All right. Thank you, Counsel. Your Honor, may it please the Court. First, to respond to a point that my friend made, the question here isn't whether this case is going to end. The question is only whether it continues in State court or Federal court. It doesn't go away. They objected in below, in their brief, and below and here, to what they describe as the delay in raising this, and I'd remind the Court that for the large majority of the time of the delay, this case was up on appeal. There was no possible way to amend the pleadings. They suggested it was, we should have known all along that the aiding and abetting claim, which was the original Federal claim, was baseless. And I'd remind the Court that this Court unanimously upheld that claim in the Tamna case. The Ninth Circuit got it wrong, but it was clearly not a frivolous argument to have made. It would be controlling today if the Supreme Court hadn't granted certiorari. So I think this is not a delay problem. The law has changed underneath us here, as sometimes happens. With regard to the question of what constitutes substantial Federal claim, Judge Bunting, there's no spillover effect in Grable that's different from here. The IRS would not have been bound by a State court decision in Beaumontay about how the IRS would be supposed to, excuse me, in Grable. I got it. Sorry. About how to proceed. What's going on up here? No, I'm sure they wouldn't do that. And the criminal division won't be bound by a State court decision about the criminal statute. It's the same situation. The question is, does the answer matter to the Federal government, not is the Federal government going to be bound by it? It wouldn't be bound either way. Thank you very much. Thank you, counsel. Thanks to both of you for your briefing and argument in this case. This matter is submitted. Judge Bunting and I will be back tomorrow with the Chief. Thank you. And so, members, students, hang by. Law clerks are going to talk to you, answer questions. And then once we're done conferencing, we'll come out and we'll talk to you a little bit as well. Thank you.
judges: CLIFTON, OWENS, BUMATAY